UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HYDROTECH, INC., ) ) | |
| Plaintiff, ) ) | 3:12-CV-00262-LRH-WGC |
| v. ) ) | ORDER |
| AMES CONSTRUCTION, INC., ) ) | |
| Defendant. ) ) | |

This is a contract dispute. Before the court is defendant Ames Construction, Inc.'s ("Ames") Motion to Dismiss (#11[1]). Plaintiff Hydrotech, Inc. ("Hydrotech") has responded (#16), and Ames has replied (#17).

**I.      Facts and Procedural History**[2]

Ames hired Hydrotech as a subcontractor in construction work performed for the Nevada Department of Transportation. (Complaint #1 at ¶ 5.) Ames failed to cooperate with Hydrotech during phases of the construction project, and Ames refused to pay Hydrotech for work performed. (*Id.* at ¶¶ 6-10.) Hydrotech has sued Ames for breach of contract, unjust enrichment, and breach of the implied covenant of good faith and fair dealing. Ames now moves to dismiss the unjust

---

[1] Refers to the court's docket entry number.

[2] In reviewing a motion to dismiss, the court accepts facts alleged in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

enrichment claim under Federal Rule of Civil Procedure 12(b)(6).

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hospital Medical Center*, 521 F.3d 1097, 1103 (9th Cir. 2008). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 678-79. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as true. *Id.* (citation omitted). However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 680) (alteration in original) (internal quotation marks omitted). The court discounts these allegations because they do "nothing more than state a legal conclusion – even if that conclusion is cast in the form of a factual allegation." *Id.* "In sum, for a complaint to survive a motion to dismiss,

the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III.   Discussion

Ames rightly argues that "[a]n action based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." *LeasePartners Corp. v. Robert L. Brooks Trust Dated November 12, 1975*, 942 P.2d 182, 187 (Nev. 1997). Here, Hydrotech has alleged the existence of an express agreement. Therefore, Ames concludes, the unjust enrichment claim is barred by law.

While the existence of a valid, express agreement does block a claim for unjust enrichment, Ames' argument fails for two reasons. First, Federal Rule of Civil Procedure 8 allows for inconsistent or alternative claims. *See, e.g.*, *Molsbergen v.. United States*, 757 F.2d 1016, 1018–19 (9th Cir. 1985) ("[C]ourts have been reluctant to permit one pleading to be read as a judicial or evidentiary admission against an alternative or inconsistent pleading."). Second, the *LeasePartners* rule assumes the "express, written contract" is enforceable. *See* 942 P.2d at 187; *see also* Restatement (Third) of Restitution & Unjust Enrichment § 32 (2011). If the written instrument is not an enforceable contract–and Ames has denied that it is (Ames' Answer #9, ¶ 13)–a claim for unjust enrichment is still available.[3] *See Stock v. Meek*, 221 P.2d 15, 21 (Cal. 1950) (Traynor, J.). Thus, dismissal is inappropriate at this stage of the proceedings.

IT IS THEREFORE ORDERED that Ames' Motion to Dismiss (#11) is DENIED.

IT IS SO ORDERED.

DATED this 12th of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[3] Of course, even at the motion-to-dismiss stage, the court does not accept as true legal conclusions. *Moss*, 572 F.3d at 969. Therefore, while the court accepts as true the existence of a written agreement, it does not accept as true the existence of a *valid* written agreement.